UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGNOLIA UNITED METHODIST CHURCH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-2684 |
| | § | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER OF REMAND

Pending before the court is plaintiff Magnolia United Methodist Church's ("Magnolia") motion for remand. Dkt. 13. Having considered the motion, the response, and the applicable law, the court is of the opinion that the motion for remand should be GRANTED.

A defendant may remove an action to federal court in instances where the court would have original jurisdiction over the case. 28 U.S.C. § 1441. Subject matter jurisdiction based on diversity jurisdiction requires that (1) complete diversity exists among the parties, and (2) the amount in controversy exceeds $75,000. *Id.* § 1332.

In the instant case, Magnolia is a citizen of Texas, defendant Philadelphia Indemnity Insurance Company ("Philadelphia") is a citizen of Pennsylvania, and defendant Trevor Linhart is a citizen of Texas. Dkt. 1. Thus, complete diversity does not exist among the parties because Magnolia, the plaintiff, shares citizenship with Linhart, a defendant. *See* 28 U.S.C. § 1332; *see also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Philadelphia argues that the case was still properly removed because Linhart is a forum-state defendant not served at the time of removal. Dkt. 14 at 2 (citing 28 U.S.C. 1441(b)(2)).

Philadelphia's reliance on § 1441(b)(2) is unhelpful to its case. That section provides that "[a] civil action *otherwise removable solely on the basis of the jurisdiction under section 1332(a)* of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). In order for § 1441(b)(2) to apply, the case must be removable under § 1332(a). *Id.* In other words, complete diversity must exist between the parties. *Id.* § 1332(a). As one of the cases Philadelphia cites to points out, "Section 1441(b) does not permit a non-resident defendant to remove an action to federal court before the resident defendant is served, if joinder of the resident defendant defeats diversity jurisdiction." *Ott v. Consol. Freightways Corp. of Del.*, 213 F. Supp. 2d 662, 666 (S.D. Miss. 2002). Section 1441(b) is not a means to avoid the complete diversity requirement. *See id.* Rather, the forum-state defendant rule provides that when there is complete diversity, removal still may be precluded if a defendant is a citizen of the forum state.

Because Philadelphia's sole basis for removal is the forum-state defendant rule, which is not applicable when complete diversity does not exist among the parties, the motion for remand (Dkt. 13) is GRANTED, and the case is REMANDED to the 284th Judicial District Court of Montgomery County, Texas.

Signed at Houston, Texas on January 18, 2018.

_____
Gray H. Miller
United States District Judge